UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Todd Hoeffel,                                 Case No. 3:25-cv-2184

           Plaintiff

v.                                               ORDER

Shannon Jones, et al.,

           Defendants.


Plaintiff Todd Hoeffel filed this action *pro se*. He did not pay the filing, but instead filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2 at PageID #: 158). He chose not to fill out the Application to provide me with information regarding his income, assets, or expenses. Instead, he cites to Ohio Revised Code § 2323.311(B)(4) which govern Applications to Proceed *In Forma Pauperis* in the state courts of Ohio. He contends that I must grant his Application if his income is no more than 187% above the federal poverty guidelines, or whose expenses exceed their income.

Aside from the fact that Plaintiff failed to provide any information on his income, assets, debts, and expenses that would allow me to make a comparison to the federal poverty guidelines, Ohio Revised Code § 2323.311 does not apply to federal court cases. In federal court, 28 U.S.C. §1915 governs *In Forma Pauperis* Applications. Under this statute, a Federal Court *may* authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, debts, and expenses that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Pauper status does not require absolute

destitution, *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. Appx. 239, 240 (6th Cir. 2001). Rather the determination is whether he can pay the filing fee without undue hardship. *Id.*

The determination of what constitutes an "undue hardship" is left to the discretion of the Court. It requires more than a showing of some hardship. It is not available for a litigant who seeks waiver of fee simply because he or she would have to make adjustments in the monthly budget to pay the fee. *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466 at * 2 (E.D. Mich. Oct. 16, 2012)(A person is not a pauper just because he must "weigh the financial constraints posed by pursuing [his] Complaint against the merits of [his] claims.").

On the other end of the spectrum, the Supreme Court has determined that litigants are not require "to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute" in order to proceed as a pauper under 28 U.S.C. § 1915. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Other Federal Court have determined that pauper status is available only to litigants who demonstrate in their Affidavit that the one-time payment of the Court's filing fee will render the Plaintiff unable to provide for himself and his dependents. *Maddox v. Foley*, No. 3:23-CV-48, 2023 WL 3852943, at *2 (S.D. Ohio May 10, 2023).

*In forma pauperis* status is reserved for those Plaintiffs who would be required to forgo "food, shelter, clothing, or some other necessity" if they were required to pay a judicial filing fee. *Id.* at *1 (S.D. Ohio June 12, 2024); *Bush v. Ohio Dep't of Rehab. and Corr.*, No. 2:05-cv-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007). The Court takes very seriously a request to proceed with litigation at taxpayer expense. It is within the Court's discretion to allow a litigant to proceed *in forma pauperis. Id.* Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

Here, Plaintiff did not attempt to complete the Application. He left the entire document blank. He wrote his own Affidavit that provides no information about his income, his asserts, his expenses, or his debts. He has given me no basis upon which I can make a determination that he would face an undue hardship if required to pay the filing fee.

Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied, (Doc. No. 2), and this action is dismissed. Plaintiff may move to reopen this case within thirty (30) days of the date of this Order by paying the full filing fee of $405.00 and filing a Motion to Reopen contemporaneous with the payment of the full filing fee. The Court will not accept any document for filing unless the filing fee is first paid in its entirety.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge